UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LOUIS J. DEL GIORNO,

    Plaintiff,

v.

WEST VIRGINIA BOARD OF MEDICINE,

    Defendant.

Case No. 2:12-CV-00095-KJD-VCF

**ORDER**

    Before the Court is the Motion to Dismiss (#7) of Defendant West Virginia Board of Medicine ("Defendant" or the "Board"). Plaintiff has filed an opposition (#11) to which Defendant has filed a reply (#12).

I. Background

    The Board is a governmental agency with responsibility for licensure and professional discipline of physicians in the state of West Virginia. Plaintiff was a practicing physician in West Virginia. The Board conducted a proceeding, and on May 24, 2010, the Board revoked Plaintiff's licence based on a documented pattern of prescribing controlled substances to patients with evidence of addiction.

Plaintiff subsequently moved to Nevada and filed this action seeking various forms of relief against the Board arising out of the revocation of his licence. Defendant is seeking dismissal for lack of jurisdiction, improper venue, and failure to state a claim.

II.  Discussion

    A.  Legal Standard

Fed. R. Civ. P. 12(b)(2) provides that a court may dismiss a complaint for "lack of jurisdiction over the person." Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.1990).

To establish personal jurisdiction over a nonresident defendant, the plaintiff must show that (1) the forum's long-arm statute confers personal jurisdiction over the nonresident defendant, and (2) the exercise of jurisdiction satisfies the constitutional principles of due process. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir.2002). Because Nevada's long-arm statute permits courts to exercise jurisdiction to the same extent as the United States Constitution, the personal jurisdiction analysis collapses into a single analysis of whether the exercise of jurisdiction over the nonresident defendant comports with due process. NRS § 14.065. Due process is satisfied if sufficient "minimum contacts" exist between the nonresident defendant and the forum so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

    B.  Minimum Contacts

A court may have either general or specific jurisdiction over a nonresident defendant based on "minimum contacts." Id.

        1. General Jurisdiction

The exercise of general jurisdiction is appropriate when a defendant's activities in the forum are so "substantial" or "continuous and systematic," Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), that the defendant should

"reasonably anticipate being haled into court there." World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Some of the factors that a court may consider in making this determination are "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. However, it is the "nature and extent of the contacts that determines whether they are 'substantial' or 'continuous and systematic,' " not a mechanical checklist. Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1172 (9th Cir.2006). "Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indicia of such a presence." Id.

Plaintiff has provided no argument or evidence that credibly suggests that a state agency in West Virginia is subject to the general jurisdiction of a court in Nevada or would ever expect to be haled into a Nevada court. There is no indication that the Board has any continuous, systematic, regulatory, or market presence in Nevada. Accordingly, the Court cannot exercise general jurisdiction without violating due process.

### 2. Specific Jurisdiction

The Ninth Circuit applies a three-part test to determine whether exercising specific jurisdiction over a nonresident defendant is appropriate: "(1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987).

In Marshall v. Labor & Industries, State of Washington, 89 F.Supp.2d 4, *10 (D.C. Dist. Ct., 2000), the court held that the mere fact that the plaintiff had been denied worker's compensation by a state agency and then moved to the District of Columbia was an insufficient basis for exercising

jurisdiction over an agency of Washington State.  The court determined allowing the suit to proceed would be unreasonable because the agency had no contacts or activities showing that it had availed itself of the protection of the jurisdiction. Id.  See also Baltierra v. West Virginia Board of Medicine, 2004 WL 1249644 (D.C. Dist. Ct. 2004).

In this case, Plaintiff offers nothing to show that the Court can properly exercise specific jurisdiction over the Board.  Plaintiff does not even allege that the Board has any contact with Nevada, let alone purposeful contact.  Plaintiff's claims are based on the outcome of a licencing hearing which took place in West Virginia and resulted in the revocation of a West Virginia medical license. Plaintiff's only argument for jurisdiction is that somehow his presence in Nevada and the nature of this case confer jurisdiction on this Court.  This is an insufficient and unreasonable basis for the Court to exercise personal jurisdiction over the Board.  Plaintiff has failed to meet his burden and accordingly, this action is dismissed for lack of personal jurisdiction.

C.  Other Arguments

The Court has determined that exercising jurisdiction would not be proper because the Board lacks sufficient contacts with Nevada.  Accordingly, it need not address Defendant's Eleventh Amendment, improper venue, and failure to state a claim arguments.  However, any of Defendant's alternative arguments would also form a sufficient basis for dismissing this case.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be **DISMISSED** by the Clerk of Court.

DATED this 4th day of October 2012.

_____
Kent J. Dawson
United States District Judge